## Vehicle Weight Certificates

RUTTER, Deputy Attorney General, September 18, 1940.—You have requested our opinion upon certain questions arising under the Act of July 19, 1935, P. L.

1356, as amended by the Act of June 24, 1939, P. L. 865, 76 PS §342 et seq. You inquire:

1. Are vehicles or vehicles and trailers, hauling solid fuel from a mine to their own yard or out of the Commonwealth, required to have such vehicle or vehicle and trailer accompanied by a weight certificate while in transit on the highway? Can this be termed as "start out for delivery" as per section 2 of this act?

2. Are vehicles or vehicles and trailers, having several compartments hauling solid fuel from a mine to their own yard or out of the Commonwealth, required to have each lot in each separate compartment of the vehicle or vehicle and trailer accompanied by a weight certificate?

3. Upon the sale of solid fuel, can a vehicle or vehicle and trailer travel the highway for any distance to a scale of their own choice, or must the solid fuel be weighed at once upon the nearest available scale operated by a licensed weighmaster?

The Act of 1935, as amended, supra, is:

"An act to regulate the sale and delivery of solid fuel . . ."

For example, the legislation in question does not apply to a gift of solid fuel. In Commonwealth v. Troanovitch, 25 D. & C. 471, 472 (1936), it was said of the Act of 1935:

". . . could not apply to a gift of solid fuel (coal), as it relates to a *sale and delivery of solid fuel* . . ." (Italics supplied.)

It follows, therefore, that for the regulatory statute to apply there must be a *sale* of solid fuel. Must there be also a *delivery?*

Section 2 of the Act of 1935 provides in part:

"It shall be unlawful to *sell* solid fuels excepting by weight. No person shall *sell or deliver, or start out for delivery* . . ." (Italics supplied.)

Section 3 of said statute provides in part:

"No person, *upon the sale* of solid fuel, *shall deliver, or cause to be delivered, or to be started out for delivery,*

any solid fuel, without each lot, in each separate compartment of any vehicle or vehicle and trailer, being accompanied by a weight certificate, issued by a licensed weighmaster, on which shall be distinctly expressed . . .

"(b) The name of the *seller;*

"(c) The name of the *purchaser* . . .

"In all cases the weight certificate shall be delivered to the *purchaser.*" (Italics supplied.)

Section 4 of said act provides in part:

"Where any person shall . . . be unable to *deliver* solid fuel to the *purchaser* originally designated . . . he may . . . substitute . . . another *purchaser* . . ." (Italics supplied.)

Section 5 of the act provides in part:

"Any weights and measures official . . . who finds any quantity of solid fuel ready for or in process of *delivery* . . . shall thereupon determine the weight of the solid fuel . . ." (Italics supplied.)

Section 7 provides in part:

"It shall be unlawful for any person to deliver solid fuel without a weight certificate, or to permit any diminution of the load of solid fuel before its *delivery* to the *purchaser* or *purchasers* thereof, or to fail, neglect or refuse to deliver a correct and lawful weight certificate to the *purchaser* of solid fuel." (Italics supplied.)

Section 10 of the Act of 1935, which exempted the sale and distribution of solid fuel to persons residing within 10 miles of the point of production from the operation of the act, with certain exceptions, was repealed by the Act of May 28, 1937, P. L. 1003.

A discussion of the interchangeableness of "and" and "or" is contained in Endlich on the Interpretation of Statutes (1888), sec. 305. The learned author concludes that "where the meaning of the act is plain, and there is nothing in it to call for the substitution [of 'and' for 'or', or of 'or' for 'and'], the court, in construing the act, is not at liberty to make it."

We think the intent and meaning of the foregoing legislation are clear and free from doubt.

First, it is an act to regulate the *sale and delivery* of solid fuel: title of act.

Second, it is unlawful under the act to *sell* excepting by weight: sec. 2.

Third, no delivery shall be made, or caused to be made, *upon the sale,* without weight certificates. The certificate must name the *seller* and *purchaser,* and must be handed to the *purchaser*: sec. 3.

Fourth, delivery may be made to a substituted *purchaser*: sec. 4.

Fifth, solid fuel may not lawfully be delivered without a weight certificate to the *purchaser or purchasers*: sec. 7.

The obvious intent of the legislature in enacting the regulatory measures under examination *was to protect buyers of solid fuel.* The transactions contemplated were *sales* of solid fuel, *plus deliveries* thereof. In short, the legislature meant precisely what it said when it declared the statute to be "an act to regulate the *sale and delivery* of solid fuel". It is not an act to regulate the sale alone of solid fuel; it is not an act to regulate the delivery only of solid fuel; it is an act to regulate the sale *and* delivery of solid fuel.

It is the *purchaser* who is entitled to the weight certificate, not the one to whom solid fuel is *delivered,* although the act presupposes a delivery *and* a sale. A sale without a delivery is reductio ad absurdum, for it would render the statute meaningless; and, it is common knowledge that, except for sales of solid fuel in place, a manual delivery always is part of a sale of solid fuel. A delivery without a sale is, of course, not within the purview of the act: Commonwealth v. Troanovitch, supra.

To summarize: The Act of July 19, 1935, P. L. 1356, as amended, is not directed to sales of solid fuel without delivery, nor to deliveries of solid fuel without sales. It

is directed at sales and deliveries of solid fuel. Consequently, unless a delivery of solid fuel is part of a sale thereof, such delivery is not subject to the act. With these principles in mind, the answers to your questions should be apparent. We shall take them up seriatim.

1. Solid fuel being hauled from a mine to the mine owner's coal yard need not be accompanied by a weight certificate unless it is being sold or delivered to a purchaser. A starting out for delivery takes place only when the delivery is being made to a buyer. The same reasoning applies to transportation from a mine within the Commonwealth to a point without it, for, although this would constitute interstate commerce, *it is the starting out for delivery* to a purchaser without a weight certificate that is forbidden. That is to say, if a sale is made to a buyer without the Commonwealth, the fuel does not begin to move in interstate commerce until it starts out for delivery. And, in any event, there is no discrimination between deliveries to purchasers inside the Commonwealth and those outside.

That solid fuel being hauled from a mine in Pennsylvania to a purchaser without the State must be accompanied by a weight certificate was clearly indicated by the General Assembly in the amendment of June 24, 1939, P. L. 865, which provides in part:

"Whenever any bordering state requiring licenses and weight certificates for solid fuel recognizes licenses and accepts weight certificates issued by licensees of this Commonwealth, such licenses and weight certificates of such state shall be recognized and accepted in this Commonwealth."

2. The answer to question no. 1 is the answer to this query.

3. Section 5 of the Act of 1935 provides in part:

"Any weights and measures official . . . who finds any quantity of solid fuel ready for or in process of delivery, *may* direct the person in charge of the solid fuel

to convey the same to the nearest available accurate scales . . ." (Italics supplied.)

That is, if the proper official has reason to believe solid fuel being conveyed is in the process of delivery to a purchaser, he may direct the person in possession of the fuel to proceed with it to the nearest available accurate scales for weighing. Unless so directed, however, the act does not require the person in charge of such solid fuel to have it weighed at the nearest available scale operated by a licensed weighmaster. So long as the person delivering the fuel to the purchaser has it weighed by a licensed weighmaster before delivery, he may, unless directed otherwise by a proper official, have it weighed by any licensed weighmaster.

See also Administration of Solid Fuel Sales Act, 37 D. & C. 491.

It is our opinion, therefore, and you are accordingly advised, that:

1. Solid fuel, as defined in the Act of July 19, 1935, P. L. 1356, as amended by the Act of June 24, 1939, P. L. 865, being transported by a mine owner from his mine to his own yard need not be accompanied by a weight certificate as required by said statutes, unless said fuel is to be there delivered to a purchaser without prior unloading or weighing. This is true whether the mine owner's yard is within or without the Commonwealth.

2. Solid fuel, as defined supra, being transported to a mine owner's yard from his own mine, whether said yard is within or without the Commonwealth, need not be accompanied by a weight certificate, whether in one or several compartments of the conveyance, unless the fuel is being delivered to a purchaser.

3. A person delivering solid fuel to the purchaser thereof need not obtain a weight certificate therefor from the nearest available licensed weighmaster unless so directed by the proper official.